| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>-----------------------------------------------------------------------X<br>ELIZABETH FRANKLIN,<br><br>                                  Plaintiff,<br><br>     v.<br><br>ONSITE NEONATAL PARTNERS, INC.,<br>TERRI VATHIS, individually,<br>PAULINE GRANT, individually,<br><br>                                Defendants.<br>-----------------------------------------------------------------------X | Civil Docket #:<br><br>**COMPLAINT**<br><br><br>PLAINTIFF DEMANDS A<br>TRIAL BY JURY |

## **INTRODUCTION**

1. Plaintiff brings this action, charging that the Defendants violated Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 1981, and Title 42 of the Americans with Disabilities Act ("ADA") of 1990 Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] and to remedy violations of the New Jersey Law Against Discrimination ("NJLAD") based upon the supplemental jurisdiction of this Court pursuant to Gibb, 38 U.S. 715 (1966) and 28 U.S.C. §1367, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of being discriminated against by her employer on the basis of her sex, on the basis of disability since Plaintiff was pregnant at the time, and on the basis of retaliation by her employer because Plaintiff expressed concerns to human resources about feeling harassed and wrongfully discharged by the Defendant due to her pregnancy.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. §12101 *et. Seq.*; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and supplemental jurisdiction thereto.

3. This action involves a Question of Federal Law under 42 USC Section 1981 and Title VII of the Civil Rights Act of 1964.

4. Venue is proper in this district based upon Defendants' principal place of business within the County of Camden, State of New Jersey, within the District of New Jersey. Additionally, the events took place within the District of New Jersey.

5. On or about January 25, 2015 Plaintiff filed charges with the EEOC against Defendants as set forth herein.

6. On or about May 5, 2016, Plaintiff received a Right to Sue Letter from the EEOC.

7. This action is being commenced within ninety (90) days of receipt of the EEOC Right to Sue Letter.

## PARTIES

8. Plaintiff Franklin is a pregnant female who resides in Philadelphia, Pennsylvania, and was employed by Defendant.

9. Defendant OnSite Neonatal Partners, INC. (herein also referred to as "OnSite" or "Defendant") is a New Jersey Corporation duly existing under the laws of the State of New Jersey.

10. At all times material, Defendant Onsite, as stated on their own website, is on a mission "to bring top quality care to premature or sick infants born in community hospitals." As stated on Defendant's website, "with a unique model that places neonatologists in

hospitals 24 hours a day, we [OnSite] are able to improve quality of care and reduce risk for premature or otherwise fragile full term infants."

11. At all times material, Defendant Terri Vathis (hereinafter also referred to as Defendant and "Vathis") was an employee of Defendant OnSite.

12. At all times material, Defendant Vathis held supervisory authority over Plaintiff.

13. At all times material, Defendant Pauline Grant (hereinafter also referred to as Defendant and "Grant") was an employee of Defendant OnSite.

14. At all times material, Defendant Grant was employed as a Human Resources Director.

15. At all times material, Defendant Grant held supervisory authority over Plaintiff.

## MATERIAL FACTS

16. That at all times relevant hereto, Plaintiff, Elizabeth Franklin ("Franklin") is an individual female who is a citizen of the Commonwealth of Pennsylvania.

17. At all times material, Plaintiff was an employee of Defendant OnSite.

18. On or around May 4, 2015, Plaintiff began working for Defendants as their "Patient Accounting Representative."

19. In or around August 2015, Plaintiff became aware that she was approximately 3 weeks pregnant and shortly thereafter notified several of Defendant's employees, including the head of Human Resources, Pauline Grant.  Plaintiff was informed that because she had not been working for Defendant for more than a year, she would not be eligible to receive leave when she delivered her child.

20. In or around August 24, 2015, Plaintiff was taken to the emergency room as a result of extreme pain in her pelvic area. Plaintiff's doctors informed Plaintiff that her pregnancy was determined to be "high risk", due to cysts on her left ovary that were growing as a result of the pregnancy. An ovarian cyst is physiological disorder that affects a woman's reproductive system by producing fluid filled sacs on the ovaries.

21. As a result of the above diagnosis, Plaintiff was experiencing severe abdominal pain, which limited her physical capabilities and increased the risk of miscarriage during her pregnancy.

22. Plaintiff immediately apprised Defendant Grant of the added complications.

23. On or around October 14, 2015, approximately nine (9) weeks after the Plaintiff notified Defendant Grant that she was pregnant and six (6) weeks after Plaintiff notified Grant that her pregnancy was classified as "high-risk", Defendants told Plaintiff that they "kept finding things," weekly problems.

24. Defendants began instituting a campaign to terminate Plaintiff because of her pregnancy. Defendants told Plaintiff's supervisor, Christina Kuhlow, that Plaintiff's pregnancy was "too complicated."

25. Defendants' supervisors became overly critical with Plaintiff, finding fault with her work performance every chance they could. Christina Kuhlow told Plaintiff that she must draft a letter outlining her skills that needed improvement and a plan to perfect those skills.

26. On or around October 19, 2015, Plaintiff emailed Kuhlow the above requested document outlining her skills and areas needing improvement.

27. Furthermore, on or around October 20, 2015, Kuhlow informed Plaintiff that she would be required to meet to discuss her progress in thirty (30) days.

28. Plaintiff's own supervisor, Kuhlow, informed the Plaintiff that her name had become a regular fixture in Defendants' weekly supervisor meeting.  For example, on one occasion, Kuhlow was asked to inform her supervisors on what Claimant had addressed in her email.  Plaintiff was wrongfully reprimanded for double refunding a client when in fact Plaintiff's only involvement was to aid the customer in returning the improper refunds that had been sent by another employee for Defendants.  Plaintiff was also wrongly accused of not knowing how to do her job correctly when in fact the Plaintiff had addressed the incorrect refunding procedure with another employee and asked for confirmation of information in a client's file.

29. On multiple occasions, Christina Kuhlow refused to reprimand Plaintiff, explaining to her supervisor's that Plaintiff had done nothing wrong but was merely trying to clarify and correct the mistakes of other employees.

30. In or around the end of October 2015, Plaintiff arranged a meeting with Human Resources.

31. During this meeting, Plaintiff complained to Defendant Pauline Grant about the stress she was suffering as a result of the incessant negative performance evaluation.  Plaintiff told Grant that she felt like she was being harassed as a result of her pregnancy.  Furthermore, Plaintiff stated she was terrified of the potential impact the stress would have on her already high-risk pregnancy.  Defendant Grant told Plaintiff that she did not believe her and did not believe Plaintiff was being targeted.

32. Following the above meeting, Plaintiff sought the assistance of Kuhlow, who brought Plaintiff into the office of her supervisor, Defendant Terri Vathis. Plaintiff told Kuhlow and Vathis that she felt like she was being harassed as a result of her pregnancy. Furthermore, Plaintiff stated she was terrified of the potential impact the stress would have on her already high-risk pregnancy. Similarly, Defendant Vathis told Plaintiff that she did not believe her and did not believe Plaintiff was being targeted.

33. Defendants never properly investigated Plaintiff's report of harassment and never took appropriate action.

34. On or around November 5, 2015, Plaintiff requested a second meeting with Defendant Pauline Grant. Plaintiff reiterated her earlier concerns ad her growing fear of losing her pregnancy. Plaintiff adamantly opposed the ongoing harassment.

35. Following the above meeting, Grant met with Kuhlow and Defendant Vathis and reiterated Plaintiff's concerns and complaints of ongoing harassment. Vathis demanded Defendants terminate Plaintiff but Kuhlow refused. Defendant Grant asserted that they could not terminate Plaintiff because of company policy and they needed to wait.

36. Again, Defendants did not properly investigate Plaintiff's report of harassment and never took appropriate action.

37. On or around November 6, 2015, Plaintiff requested a third meeting with Defendant Pauline Grant. Once again, Plaintiff reported the ongoing harassment that had begun when she announced her pregnancy. She stated she was concerned Defendants were not taking her claim seriously and that she needed to take a leave from the company in order to ensure the health of her unborn baby. Reluctantly, Defendant Grant gave Plaintiff the requested leave from November 5, 2015 until November 16, 2015.

38. Even still, Defendants did not properly investigate Plaintiff's report of harassment and never took appropriate action.

39. On or around November 18, 2015, Plaintiff's supervisor, Kulow tendered two weeks notice with Respondent. Kuhlow was Plaintiff's only confidant at work.

40. On or around November 19, 2015, Kuhlow informed Plaintiff that she had been the subject of yet another weekly supervisor meeting. Plaintiff suffered a severe panic attack and pains in her stomach as a result of the continuing stress induced by Defendants and was forced to be hospitalized.

41. On or around November 24, 2015, Defendants wrongfully terminated Plaintiff.

42. Defendants wrongfully terminated Plaintiff because of her pregnancy, disability and in retaliation for opposing Defendants' unlawful conduct.

43. Plaintiff felt humiliated, degraded, victimized, embarrassed, and emotionally, distressed on a continual basis and as a result of the aforementioned conduct and comments by Defendants.

44. Based on Defendants' discriminatory and retaliatory treatment of Plaintiff, it is clear that Defendants discriminated against Plaintiff solely due to her sex, disability and pregnancy and in retaliation against Plaintiff for her protected complaints.

45. Plaintiff suffers from regular panic attacks and nightmares relating to Defendants' conduct. Plaintiff is unable to sleep or eat.

46. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

47. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other

compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

48. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against Defendants.

49. The above are just some examples of some of the discrimination and retaliation to which Defendants subjected Plaintiff.

50. The Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

51. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

52. Plaintiff filed charges with the EEOC on or about January 25, 2016.

53. Plaintiff received a Right to Sue Letter from the EEOC on or about May 5, 2016.

54. This action is being commenced within 90 days of receipt of the above right to sue letter.

55. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of

employment, because of such individual's race, color, religion, sex, or national origin."

56. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her pregnancy and sex.

57. Furthermore, section 701 of the Civil Rights Act of 1964 as amended states that "'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work."

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

58. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

59. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

60. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq*. by retaliating against Plaintiff with respect to the terms, conditions or

privileges of employment because of her opposition to the unlawful employment practices of Defendant.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

61. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

62. Plaintiff claims Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (*ADA*), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

63. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

64. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her disability (pregnancy).

65. As such, Plaintiff has been damaged as set forth herein.

### AS A FOURTH CAUSE OF ACTION UNDER NEW JERSEY STATE LAW DISCRIMINATION

66. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

*67.* New Jersey's Law against Discrimination Section 10:5-12(a) sets forth in pertinent part as follows: " It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: a) For an employer, because of race . . , pregnancy, sex, disability . . to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

*68.* The full statute reads as follows: **10:5-12. Unlawful employment practices, discrimination.**

It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination:

a. For an employer, because of the race, creed, color, national origin, ancestry, age, marital status, civil union status, domestic partnership status, affectional or sexual orientation, genetic information, sex, pregnancy, gender identity or expression, disability or atypical hereditary cellular or blood trait of any individual, or because of the liability for service in the Armed Forces of the United States or the nationality of any individual, or because of the refusal to submit to a genetic test or make available the results of a genetic test to an employer, to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment; provided, however, it shall not be an unlawful employment practice to refuse to accept for employment an applicant who has received a notice of induction or orders to report

for active duty in the armed forces; provided further that nothing herein contained shall be construed to bar an employer from refusing to accept for employment any person on the basis of sex in those certain circumstances where sex is a bona fide occupational qualification, reasonably necessary to the normal operation of the particular business or enterprise; provided further that nothing herein contained shall be construed to bar an employer from refusing to accept for employment or to promote any person over 70 years of age; provided further that it shall not be an unlawful employment practice for a club exclusively social or fraternal to use club membership as a uniform qualification for employment, or for a religious association or organization to utilize religious affiliation as a uniform qualification in the employment of clergy, religious teachers or other employees engaged in the religious activities of the association or organization, or in following the tenets of its religion in establishing and utilizing criteria for employment of an employee; provided further, that it shall not be an unlawful employment practice to require the retirement of any employee who, for the two-year period immediately before retirement, is employed in a bona fide executive or a high policy-making position, if that employee is entitled to an immediate non-forfeitable annual retirement benefit from a pension, profit sharing, savings or deferred retirement plan, or any combination of those plans, of the employer of that employee which equals in the aggregate at least $27,000.00; and provided further that an employer may restrict employment to citizens of the United States where such restriction is required by federal law or is otherwise necessary to protect the national interest.

69. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff as set forth herein.

70. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New Jersey's Law against Discrimination.

**AS A FIFTH CAUSE OF ACTION**
**UNDER NEW JERSEY STATE LAW**
**DISCRIMINATION**

71. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

72. New Jersey's Law against Discrimination Section 10:5-12(d) sets forth that it is unlawful "[f]or any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act.

73. Defendants violated this section as set forth herein.

**AS A SIXTH CAUSE OF ACTION**
**UNDER NEW JERSEY STATE LAW**
**AIDING AND ABETTING**

74. Plaintiff, individually and on behalf of all persons similarly situated, repeats and realleges each and every allegation made in the above paragraphs of this complaint.

75. New Jersey's Law against Discrimination Section 10:5-12(e) sets forth in pertinent part as follows: "Unlawful employment practices, discrimination. It shall be an

unlawful employment practice, or, as the case may be, an unlawful discrimination: e) For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so."

76. Defendants engaged in an unlawful discriminatory practice by aiding and abetting the discrimination against the Plaintiff as set forth herein.

77. Defendants violated all other applicable sections of N.J. Stat. § 10:5-12(e) et. Seq.

78. As such, Plaintiff has been damaged as set forth herein.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Philadelphia, Pennsylvania
       June 15, 2016

DEREK SMITH LAW GROUP, PLLC
Attorneys for Plaintiffs

By: _____
   Caroline H. Miller, Esq.
   1845 Walnut Street, Suite 1600
   Philadelphia, Pennsylvania 19103
   (215) 391-4790

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ELIZABETH FRANKLIN

## DEFENDANTS
ONSITE NEONATAL PARTNERS, INC.,
TERRI VATHIS, individually,
PAULINE GRANT, individually

**(b)** County of Residence of First Listed Plaintiff: CAMDEN COUNTY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: CAMDEN COUNTY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Derek Smith Law Group, PLLC
1845 Walnut Street, Suite 1600
Philadelphia, Pennsylvania 19103

Attorneys *(If Known)*
UNKNOWN

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [x] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 400 State Reapportionment |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 410 Antitrust |
| [ ] 140 Negotiable Instrument | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 430 Banks and Banking |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| | [ ] 340 Marine | | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [x] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| | | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment / [ ] 510 Motions to Vacate Sentence | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | | [ ] 462 Naturalization Application | | |
| | | **Other:** | | |
| | [ ] 446 Amer. w/Disabilities Other / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §§ 2000e to 2000e-17; Title 42 of the Americans with Disabilities Act

Brief description of cause:
Plaintiff is seeking damages to redress the injuries she suffered as a result of being discriminated against by her employer on the basis of her sex, on the basis of disability since Plaintiff was pregnant at the time, and on the basis of retaliation by her employer for reporting the unlawful conduct.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 6/15/2016
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

JS 44 Reverse  (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I. (a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.